IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAWN BARNES, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-15-25-C |
| ) | |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE ) | |
| COMPANY, a foreign insurance ) | |
| company, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment (Dkt. No. 26), filed on October 1, 2015. Plaintiff has responded and filed a cross-motion for summary judgment (Dkt. No. 27). The motions are now at issue.

### I. BACKGROUND

Plaintiff was injured in an automobile accident on August 27, 2013, when operating her 2004 Nissan Maxima. The Nissan was insured by State Farm Mutual Automobile Insurance Company ("State Farm") which provided for Medical Payments Coverage ("MPC") with limits of $10,000. Plaintiff made a claim under the policy, and Defendant State Farm paid Plaintiff the policy limit of $10,000. Plaintiff also owned another vehicle, a 2011 Hyundai Sonata, insured by State Farm at the time of the accident. The Hyundai policy provided for MPC with limits of $100,000. Plaintiff made a claim to recover MPC under the Hyundai Policy, which Defendant State Farm denied. Plaintiff argues she is entitled to recover under the Hyundai policy due to the language of the "Other Medical

Payment Coverage" provision within the Nissan policy. Plaintiff argues that the provision gave her the reasonable expectation that she would be covered under the Hyundai policy no matter which vehicle she was in. Plaintiff does not wish to "stack" the MPCs but rather recover the higher of the two policies. Plaintiff is seeking payment of $57,607.42, the remaining balance of her medical bills. Defendant refutes this argument.

## II. STANDARD OF REVIEW

Summary judgment is properly granted if the movant shows that no genuine dispute as to any material fact exists and that the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it affects the disposition of the substantive claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion and of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted). If the movant satisfactorily demonstrates an absence of genuine issue of material fact with respect to a dispositive issue for which the non-moving party will bear the burden of proof at trial, the non-movant must then "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita

Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). When considering a motion for summary judgment, a court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III.  ANALYSIS

The outcome of both Motions for Summary Judgment hinge on the interpretation of the "Other Medical Payments Coverage" provision in the Nissan's policy. This Court must consider whether the contract's verbiage weighs in favor of the insurer or insured. Due to the adhesive nature of insurance contracts, different rules of construction have traditionally applied. Max True Plastering Co. v. U.S. Fidelity and Guar. Co., 1996 OK 28, ¶ 8, 912 P.2d 861, 865.

> For instance:  1) ambiguities are construed most strongly against the insurer; 2) in cases of doubt, words of inclusion are liberally applied in favor of the insured and words of exclusion are strictly construed against the insurer; 3) an interpretation which makes a contract fair and reasonable is selected over that which yields a harsh or unreasonable result; 4) insurance contracts are construed to give effect to the parties' intentions; 5) the scope of an agreement is not determined in a vacuum, but instead with reference to extrinsic circumstances; and 6) words are given effect according to their ordinary or popular meaning.

Id. (footnotes omitted). Courts will not interfere with a contract absent "fraud, duress, undue influence or mistake." Bilbrey v. Cingular Wireless, L.L.C., 2007 OK 54, ¶ 9, 164 P.3d 131, 134. When a contract is unambiguous the Court looks to the four corners of the contract to determine the meaning. Lewis v. Sac & Fox Tribe of Oklahoma Hous. Auth., 1994 OK 20, ¶ 27, 896 P.2d 503, 514.

The reasonable expectation doctrine applies in Oklahoma when contract language is ambiguous or when there are exclusions in the contract that are masked by technical or obscure language. Max True Plastering Co., 1996 OK 28, ¶ 23, 912 P.2d at 869. The doctrine stands on the premise that an insurer's and the insured's reasonable expectations of the insurance contract should be honored. Id. In this case, Plaintiff argues that the "Other Medical Payments Coverage" provision in the Nissan policy gave her the reasonable expectation that she would be covered under the Hyundai policy. The language of the policy reads:

> 2. If medical payments coverage provided by this policy and one or more other vehicle policies issued to *you* or any *resident relative* by one or more of the ***State Farm Companies*** apply to the same ***bodily injury***, then:
>
>    a. the Medical Payments Coverage limits of such policies shall not be added together to determine the most that may be paid; and
>
>    b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

In this case, Defendant argues that the word *"applies,"* in the title of the "If Other Medical Payments Coverage or Similar Vehicle Insurance Applies" provision, makes it clear that the clause does not simply address any other MPCs, but only addresses other MPCs that actually *apply*. The word *apply*, taking it's plain and ordinary meaning, means to be "applicable or relevant." http://dictionary.reference.com/browse/apply (last visited Nov. 17, 2015). Plaintiff conceded that she has no claim under the Hyundai policy itself. In order for

4

Plaintiff to recover under the Hyundai's policy, Plaintiff would need to have been occupying: (1) her car, (2) a newly acquired car, (3) a temporary or substitute car, or (4) a non-owned car. Under the Hyundai's policy, she was not occupying any of these four; therefore the Hyundai's policy is not applicable (i.e., does not apply). Under the "Other Medical Payments Coverage" section of the Nissan's policy, the provision is only relevant when another insurance policy applies. By its plain language, this provision is triggered only upon proof of the existence of another applicable insurance policy. Since Plaintiff has given no evidence of another policy that applies, she is not entitled to recover under the "Other Medical Payments Coverage" provision and specifically under the Hyundai policy.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 27) is DENIED, and Defendant's Motion for Summary Judgment (Dkt. No. 26) is GRANTED.

IT IS SO ORDERED this 23rd day of November, 2015.

_____
ROBIN J. CAUTHRON
United States District Judge